UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| HERMAN DENNIS MOELLENHOFF ) | |
| ) | |
| Debtor. ) | Case No. 4:12-CV-1148 (CEJ) |
| _____ ) | |
| ) | |
| HERMAN DENNIS MOELLENHOFF ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| EVELYN HOGAN ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on appeal from an order of the United States Bankruptcy Court denying the motion of appellant and debtor Herman Dennis Moellenhoff to dismiss the adversary proceeding. Presently before the Court is the motion of appellee and trustee Evelyn Hogan, to dismiss the appeal for lack of jurisdiction. The issues are fully briefed.

I.  **Background**

Hogan filed a Complaint for Determination of Dischargeability under 11 U.S.C. § 523(a)(2)(A) and/or 11 U.S.C. § 523(a)(2)(B), in connection with Moellenhoff's Chapter 7 Bankruptcy Proceeding. Hogan filed the adversary proceeding individually and in her capacity as trustee of the Evelyn M. Hogan Trust. In response, Moellenhoff filed a motion to dismiss the adversary proceeding for failure to state a claim, alleging that Hogan was not a real party in interest under Rule 17 of the Federal Rules of Civil Procedure.

The bankruptcy court denied Moellenhoff's motion to dismiss and directed him to answer or respond to the complaint. Moellenhoff subsequently filed a motion for stay of proceedings in the bankruptcy court so that he could proceed with an appeal in the district court. The motion to stay was denied and Moellenhoff appealed. In response to the appeal, Hogan argues that the denial of the motion to dismiss was not a "final order" from which an appeal will lie as a matter of right under 28 U.S.C. § 158(a)(1).

II.     **Discussion**

District courts have jurisdiction to hear bankruptcy appeals when a bankruptcy court has issued a final judgment, order or decree *or* if the district court, in its discretion, grants an interlocutory appeal. 28 U.S.C. § 158(a)(1), (a)(3).

"In the Eighth Circuit motions to dismiss can only be final orders if: (1) the order leaves the bankruptcy court nothing to do save execute the order; (2) a delay in obtaining review would prevent the aggrieved party from obtaining effective relief; or (3) a later reversal on that issue would require recommencement of the entire proceeding." Coleman Enters. v. Qai, 275 B.R. 533, 535 (8th Cir. BAP 2002). "The denial of a motion to dismiss does not remove the bankruptcy court from further proceedings, does not prevent the losing party from obtaining review at a later time, and would not result in recommencement of the entire proceeding in the event of a later reversal. Thus such an order is interlocutory[.]" Id.

Here, the bankruptcy court's ruling on the motion to dismiss did not end the litigation as it does not prevent Moellenhoff from obtaining effective relief. Moellenhoff will have the opportunity to present his defenses to Hogan's claims, and a later reversal would not require relitigation of the entire proceeding. Accordingly, the Court finds that the order at issue here is not final, and thus, not appealable as a matter of right pursuant to 28 U.S.C. 158(a)(1).

The Court also declines to grant permission to appeal pursuant to 28 U.S.C. § 158(a)(3).  "Ordinarily, a party seeking leave of the court to challenge an interlocutory order must file a motion for leave to appeal[,]" but a district court may construe a notice of appeal as a motion for leave to appeal.  In re Machinery, Inc., 275 B.R. 303, 306 (8th Cir. BAP 2002).  Although Moellenhoff did not file a motion for leave to appeal, the Court will construe his notice of appeal as such.

When deciding whether to grant a motion for leave to appeal, a court applies the standards found in 28 U.S.C. § 1292(b)."  Id.  Section 1292(b) instructs that the question involved be a controlling question of law as to which there exists a substantial ground for difference of opinion respecting the correctness of the bankruptcy court's decision and a finding that an immediate appeal would materially advance the ultimate termination of the litigation.  27 U.S.C. 1292(b).  "'Leave to appeal from interlocutory orders should be granted only in exceptional circumstances because to do otherwise would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from piecemeal litigation.'"  In re Machinery, Inc., 275 B.R. at 306 (citing Abel v. Shugrue, 179 B.R. 24, 28 (S.D.N.Y. 1995); see also Aetna Life Ins. Co. v. Leimer, 724 F.2d 744, 744 (8th Cir. 1894) ("In the Eighth Circuit, an interlocutory appeal from an order of the bankruptcy court will be granted only if the order presents important questions of law or extraordinary circumstances.").

Here, Moellenhoff has failed to satisfy the standards set forth in 28 U.S.C. § 1292(b).  The question of whether Hogan is a real party in interest in her individual capacity, as required under Rule 17 of the Federal Rules of Civil Procedure, would not materially advance the ultimate determination of the litigation.  Hogan filed both as an individual and as a trustee of the Evelyn M. Hogan Trust.  Even if Hogan is not a real party in interest in her individual capacity, the case would still proceed with Hogan in her capacity as trustee.  Further, the Missouri Rules of Civil Procedure permit an assignment

of a judgment by a writing acknowledged by the assignor and can be for the use of the assignee.  <u>See</u> Mo. R. Civ. P. 17.12(a), (b).  As such, a judgment issued to Hogan in her individual capacity could be assigned to Hogan in her trustee capacity.

Because the bankruptcy court's order denying Moellenhoff's motion to dismiss was not a final appealable order and does not meet the requirements necessary to qualify as an interlocutory order, this Court lacks jurisdiction to review the merits.

**IT IS HEREBY ORDERED** that the motion of appellant Evelyn Hogan to dismiss appeal for lack of jurisdiction [Doc. #3] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2012.